### SMITH v. YELLOW PINE CO.

(District Court, S. D. New York. May 16, 1901.)

**WHARVES—LIABILITY FOR INJURY TO VESSEL—UNAUTHORIZED REMOVAL.**

A dock owner is liable to the owner of a steam canal boat for injury caused by its resting at low water on an uneven bottom in a slip into which it was moved, by the dock superintendent's orders, in the absence of the master, who had previously protested against the removal on the ground of the danger from such cause, which he had ascertained by soundings.

In Admiralty.

Martin A. Ryan, for libelant.
Johnson & Hess, for respondent.

BROWN, District Judge. The evidence and circumstances leave no doubt that the canal boat was moved into the slip by the stevedore's men by the dock superintendent's orders, about 10 a. m., near high water, in the captain's absence, and without his consent; and that the boat, as low water approached, rested on an uneven bottom, her stern only being afloat, whereby she was strained and damaged, and soon began excessive leaking. The captain had previously found

by sounding that the bottom was uneven, and for that reason objected previously to being moved as the superintendent desired. The defendants are therefore responsible for the damages which their own unauthorized removal of the boat caused.

The evidence indicates that many other boats had previously lain in the same berth without injury; but there is no evidence that steam canal boats like this had lain there at low tide. The master objected to going in because this being a steam canal boat, with all her heavy machinery at the stern, her great weight aft would endanger her. The next day when removal took place in the master's absence, objection was renewed by the man in charge. Whether the foreman said that this boat would lie there well enough and that he would be responsible for any damages, as alleged by the boat's witnesses, but disputed by the foreman, is not material. The respondent took the risk of the change. There is no evidence that the boat herself was not in a reasonably sound and good condition, and the reasons for hauling her upon an uneven bottom were sufficiently stated; so that there is no ground for holding the master in any way remiss as in the cases of The Reba (D. C.) 22 Fed. 546; The Niagara (D. C.) 20 Fed. 152, 155; The Bordentown (D. C.) 16 Fed. 270, 273; The Syracuse (D. C.) 18 Fed. 828.

Decree for the libelant with costs.